### JEPHA MORROW v. THOS. A. BERRYMAN.

**Usury — Pleading — Equity.**
> Although usury was not specially pleaded a court of equity will not
> enforce payment of it.[1]

**Warranty — Vendor's Deed not Enough.**
> The contract bound appellee to guarantee the title to Booth's heirs by
> general warranty—his own deed for that purpose is not enough.

APPEAL FROM OWEN CIRCUIT COURT.

June 18, 1867.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The pleadings are so confused and self-contradictory as to
leave the judicial mind, after elaborate analysis, in some doubt
as to the true state of accounts between the parties. But a care-
ful consideration of all the facts results in the conclusion that the
judgment is erroneous to the appellant's prejudice in the follow-
ing particulars at least:

1. Although the admitted usury included in the settlement
has not been specially pleaded yet a court of equity should not
enforce payment of it, and especially by selling appellant's land —

for enforcing an equitable lien on it — and therefore, to the extent of the usury whatever it shall be ascertained to be, the judgment was erroneous.

2. The contract bound the appellee to guarantee the title from Booth's heirs by a general warranty. His own deed for that purpose is not enough, and does not pass the title of his constituents or bind them. And the deed purporting to be from those constituents is altogether insufficient because there is neither proof nor allegation that the persons whose names are signed to it are the heirs or only heirs of Booth, and because also that deed purports to have been so signed by only an attorney in fact, and no power of attorney has been shown.

Without securing the legal title according to the contract the lien ought not to be enforced by a haphazard sale of the land.

As to the claim of the appellant to a credit for about $500, for the alleged discovery of which after the first decree had been rendered he set aside that decree, we will not now venture an opinion but leave this matter to more satisfactory elucidation in the further preparation of the case on its return to the Circuit Court.

For the errors suggested the judgment is reversed and the cause remanded for further preparation according to the principles of the foregoing opinion.